IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRELL JAMES PARKS,** : | |
| : | |
| Petitioner : | CIVIL NO. 1:CV-12-00848 |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **WARDEN B.A. BLEDSOE,** : | |
| : | |
| Respondent : | |

## **M E M O R A N D U M**

Petitioner Darrell James Parks ("Parks"), an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the captioned action *pro se* by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 6, 2012, as amended March 9, 2012.[1]  (Doc. 3.)  In his petition, Parks challenges his placement in the Special Housing Unit ("SHU") and subsequent placement in the Special Management Unit ("SMU") at USP-Lewisburg.

---

[1]  Parks initially filed his habeas petition in the United States District Court for the District of Columbia on February 2, 2012, but the petition was transferred to this court on May 7, 2012. (*See* Doc. 4.)  Prior to the transfer, Parks filed a motion for leave to amend his petition on March 9, 2012, and attached a proposed petition.  (Doc. 3.)  That amended petition is presently before the court.
   Further, in his amended petition, Parks names Eric Holder, Harley Lappin, Scott Dodrill, Harrell Watts, and Warden B.A. Bledsoe as Respondents.  As the only proper Respondent in a § 2241 proceeding is Parks' custodian, in this case the Warden of USP-Lewisburg, Warden B.A. Bledsoe will be deemed the sole Respondent.

For the reasons set forth below, the petition will be dismissed without prejudice to Parks' right to pursue his claims in a properly filed civil rights action.

## I.   **Background**

In his petition, Parks alleges that in July 2011, while he was housed in the SHU at the United States Penitentiary at Victorville ("USP-Victorville") in Adelanto, California, he was given notice of a hearing for referral to the SMU that was scheduled to occur on July 17, 2011.  (Doc. 3 at 13.)  After a postponement, Parks had a hearing on or about July 29, 2011, and was approved for placement into the SMU at USP-Lewisburg, where he is currently confined.  (*Id*. at 13-14.)  Parks alleges that he was denied due process at the hearing and complains that he was placed in the SHU and subsequently in the SMU in retaliation for filing grievances.  (*Id*. at 14-15.)  He also makes several allegations about the conditions of confinement in the SMU and argues that the SMU program is unconstitutional, serves no penological purpose, and should be abolished.  (*Id*. at 16-20.)  Parks requests declaratory relief, stating: his SMU placement violates his due process rights; the SMU's conditions of confinement represent atypical and significant hardship; his Fifth Amendment rights were violated by mandatory disclosure of a psychology service curriculum; and, that the SMU's

conditions of confinement represent cruel and unusual punishment in violation of the Eighth Amendment. (*Id*. at 20-21.) He also requests an injunction in order to remove him from the SMU program and direct Respondent to "cease and desist with the SMU referral, acceptance and placements IMMEDIATELY." (*Id*. at 21.)

Service of the amended petition was directed by order dated May 29, 2012. (Doc. 10.) On June 18, 2012, Respondent filed a response arguing that the petition should be dismissed because Parks' claims regarding his placement in the SHU and SMU are not cognizable under 28 U.S.C. § 2241. (Doc. 12.) Parks filed his traverse on July 20, 2012. (Doc. 17.) Accordingly, the petition is ripe for disposition.

## II. Discussion

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d at 542.

3

In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Green v. Bledsoe*, Civ. No. 4:10-CV-0059, 2010 WL 1372409, at *1 (M.D. Pa. Apr. 5, 2010) (quoting *Suggs v. Bureau of Prisons*, Civ. No. 08-3613, 2008 WL 2966740, at *4 (D. N.J. July 31, 2008)). Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. Where a federal inmate is challenging the conditions of his confinement, the filing of a *Bivens*[2] action under 28 U.S.C. § 1331, the federal counterpart to a § 1983 action, is appropriate.

In the instant case, Parks' challenges to his placement in the SHU and SMU and the hearing that led to the determination that he be placed in the SMU, as well as any challenge to the constitutionality of the SMU program itself, are not challenges to the fact or duration of his confinement. Further, a decision in his favor would not alter his sentence or undo his conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. § 2241, but rather could be pursued through the filing of a *Bivens* action. *See Bedenfield v. Lewisburg*, No. 10-1750, 2010 WL

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

3511507, at *1 (3d Cir. Sept. 9, 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition"); *Green*, 2010 WL 1372409, at *2 (dismissing petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241); *Woodruff v. Williamson*, Civ. No. 3:06-CV-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (same).  Accordingly, the instant petition will be dismissed without prejudice to Parks' right to pursue his claims in a properly filed civil rights action.[3]

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated:  August 29, 2012.

---

[3] The court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted in the instant petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL JAMES PARKS,** :
:
    Petitioner : CIVIL NO. 1:CV-12-00848
:
v. : (Judge Rambo)
:
**WARDEN B.A. BLEDSOE,** :
:
    Respondent :

# O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 3) is **DISMISSED** without prejudice to Petitioner's right to pursue his claims in a properly filed civil rights action.

2) The Clerk of Court is directed to **CLOSE** this case.

                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated: August 29, 2012.